### CHAMBERS v. NIAGARA FIRE INSURANCE COMPANY.

The payment of a less sum in satisfaction of a larger one is no satisfaction.

Case certified by the Camden Circuit.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff, *John J. Crandall.*

For the defendant, *John W. Wescott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  The declaration contains but a single count, which avers that plaintiff's property was insured against fire by defendant, and that a fire having occurred the loss thereby sustained was liquidated by the plaintiff and defendant at the sum of $116.   The suit was for the amount thus ascertained.

The pleas were, first, the general issue; second, a release of all claims and demands. This latter plea is obviously bad upon its face; it professes to be a release of all demands, but shows no consideration for such a discharge, and it does not

appear to be under seal.  Besides this, when the facts were developed at the trial, both it and the plea of the general issue were plainly inapplicable, for both of them related, as the defences so set up were pleaded, to the situation of affairs at the time of the commencement of the action, while at the trial it was shown that the fact on which the defence rested had occurred after the *teste* of the writ.  That fact so relied on was that during the pendency of the suit the defendant had settled with the plaintiff, paying him $75 in satisfaction of his claim and costs.

Although such defence was not admissible by force of the pleadings, nevertheless, as it was received by the court and counsel without noticing its irrelevancy to the issues apparent upon the record, it becomes now necessary to consider the disposition that was made of it at the trial.

The facts to be regulated were these :  The plaintiff proved the statement in his declaration that his loss was $116, as agreed upon by himself and defendant.  I do not understand that there was any dispute on this head.  By way of defence the company showed that, after suit brought, the defendant had agreed to take for this claim the sum of $75, which they paid to him.  In behalf of the plaintiff it was contended that this settlement had been obtained from him by false and fraudulent representations, and the evidence being conflicting upon the subject, that controversy was properly submitted to the jury.  But with respect to the other question in the case, as to the effect of such settlement, the charge of the court was plainly erroneous.  The instruction was that if the $75 was paid by the defendant and was accepted in full satisfaction of the plaintiff's demand of $116, then they were to find for the defendant.

The contradictory of this proposition has always been held in this state.  Our decisions have followed the ruling in this respect, established in the leading case of *Cumber* v. *Ware*, 1 *Str.* 426.  It was there decided that the payment of a less sum in satisfaction of a larger one, as of £5 for £15, was no satisfaction.  If, therefore, in this case the plaintiff's demand

was for a sum entirely liquidated, and the payment was of a sum less than the amount so due, the release in question was nugatory, being devoid of all consideration.

The Circuit Court should be advised that· there should be a new trial.