MAGDALENA SCHEURLE ET AL., DEFENDANTS IN ERROR, v. FRANCIS C. HUSBANDS, PLAINTIFF IN ERROR.

Submitted March 26, 1900—Decided June 11, 1900.

Under a contract for the sale of letters-patent for a water alarm for steam boilers, which contained a stipulation for the payment of a royalty on each of the patented machines, and a further agreement to pay to the patentees a certain sum, which, if paid within twelve months from the date of the contract, the royalties should cease and forever determine, and the amount of royalties paid within the twelve months should be credited thereon, and if not paid within the twelve months, the royalties to continue and the said sum to be paid at such time as might be mutually agreed upon, no credit to be given for royalties paid—*Held,* a recovery may be had for such sum when not paid within the twelve months, and there being evidence to show a mutual agreement to extend the time for payment, the contract with respect thereto was an absolute contract to pay that sum, and not an agreement that the defendant was to have the option of paying that sum in discharge of the payment of the royalties.

On writ of error to the Camden Circuit Court.

This suit was begun by a writ of attachment in the name of Jacob Heatherington against Francis C. Husbands and Edward W. Inskeep. The plaintiffs in this suit became parties to the attachment as applying creditors by filing the affidavit required by the statute. To the claim of the plaintiffs the defendant entered an appearance, and thereupon the plaintiffs in this suit filed a declaration containing only the common counts, to which the defendant pleaded the general issue.

The plaintiffs were the owners of letters-patent for a water alarm for steam boilers. To maintain their action the plaintiffs offered in evidence the following contract:

"Articles of agreement entered into this sixteenth day of April, A. D. 1896, between Magdalena Scheurle, Henry Bechtel and Louis Fritz, all of the City and County of Philadelphia, State of Pennsylvania, of the first part, and Francis C. Husbands of Sharon Hill, Delaware county, State of Pennsylvania, of the second part.

"Whereas, the said parties of the first part are the owners of a certain patent right under letters-patent issued on April 2d, 1895, being No. 536,988.

"And whereas, they this day sell and assign all of their said interest in said patent to Francis C. Husbands, the party of the second part.

"Now this agreement witnesseth, that for and in consideration of the sale by the said parties of the first part to the said party of the second part of the aforesaid patent, the party of the second part agrees to pay to the parties of the first part the sum of four hundred ($400) dollars upon the execution of this agreement, and his promissory note for thirty days for one hundred ($100) dollars, without interest, and to pay unto the said parties of the first part a royalty of one ($1) dollar on the sale of each of the said patented machines.

"It is further agreed, that the said party of the second part shall pay unto the said parties of the first part the sum of one thousand ($1,000) dollars, and if the said one thousand ($1,000) dollars is paid within twelve months from the date of this agreement the said royalties shall cease and forever determine, and the said parties of the first part shall credit the said party of the second part with the amount of royalties which the said party of the second part shall have paid to the parties of the first part within the said twelve months; that is to say, that the said party of the second part shall pay to the parties of the first part the sum of one thousand ($1,000) dollars within twelve months, less the amount which the said party of the second part has paid to the parties of the first part in royalties during that period.

"If, however, the party of the second part fails to pay the difference between one thousand ($1,000) dollars and the royalties paid by him to the parties of the first part within the said twelve months, the royalties shall continue, and the said party of the second part shall pay the parties of the first part the sum of one thousand ($1,000) dollars at such time as may be mutually agreed upon thereafter, the said party of the second part, however, not being under such circumstances entitled to any credit as against said one thousand ($1,000) dollars for royalties paid.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and date above written.

| | |
|---|---|
| "Magdalena Scheurle, | [L. S.] |
| "Henry Bechtel, | [L. S.] |
| "Louis Fritz, | [L. S.] |
| "Francis C. Husbands, | [L. S.] |

"Witness: John S. Dove, Jr.,
          "Lillie M. Baners."

At the trial this agreement was put in evidence, and the plaintiffs obtained a verdict for $1,000, with interest. This result was based upon the construction that the agreement contained an absolute contract to pay the $1,000 mentioned in the agreement. Whereupon the defendant sued out this writ of error.

Before Depue, Chief Justice, and Justices Van Syckel and Gummere.

For the plaintiff in error, *Harrison H. Voorhees.*

For the defendants in error, *Howard Carrow.*

The opinion of the court was delivered by

Depue, Chief Justice. This was an action brought to recover $1,000, claimed to be due from the defendant in virtue of the contract above set forth. The plaintiffs were the owners of a patent for a water alarm for steam boilers.

The agreement recites that the plaintiffs did this day sell and assign all of their said interest in said patent to the defendant, and that Husbands agreed to pay the sum of $400 upon the execution of the agreement, and to give his note at thirty days for $100, without interest, and also to pay a royalty of $1 on the sale of each of the patented machines. At the execution of this contract the defendant paid $400 in cash and gave his note at thirty days for $100, in compliance with the terms of the agreement. This note was paid when it came due. The plaintiffs executed and delivered an assignment of the letters-patent, and the plaintiffs' title thereto became vested in the defendant by the terms of the agreement.

The contention by the counsel of the defendant at the trial was that the contract between the parties was that the defendant should buy the letters-patent and the privilege to sell the machine for the $400 in cash and the note for $100, and that he should pay $1 royalty on each machine that he sold, with the privilege to discharge himself from the further payment of royalties by the payment of the gross sum of $1,000; that the contract was not that he should pay the $1,000, but that he should have the privilege of dispensing with the payment of royalties on the payment of that sum. The contention on the part of the plaintiffs was that this was an agreement for the payment of $1,000. The trial judge construed the contract as contended for by the plaintiffs' counsel, that the defendant contracted to pay the $1,000 absolutely, and that if the defendant paid the $1,000 within one year he would have a credit on the $1,000 for all the royalties he had paid; that if the sum of $1,000 was not paid within the first year the royalties should continue, and the defendant should pay the $1,000 at such other time as might be mutually agreed upon, and the plaintiffs should be entitled to retain the royalties paid and to recover the $1,000.

It appeared that the defendant paid under the contract the royalty on each of the patented machines sold by him, and that such payment was accepted by the plaintiffs. There was evidence on the part of the plaintiffs of a mutual agree-

ment extending the time for the payment of the $1,000 for an additional year.

Whether the contract between the parties, with respect to the $1,000, was an absolute contract by the defendant to pay that sum, or was an agreement that the defendant was to have the option of paying that sum in discharge of the payment of the royalties mentioned in the agreement, must be determined upon the construction and legal effect of the agreement. Directly following the introductory paragraph which sets out the terms of the contract this sentence appears: "It is further agreed that the said party of the second part shall pay unto the said parties of the first part the sum of one thousand dollars." This language contains an express contract to pay the sum of money mentioned in terms too clear to admit of doubt. The question, then, arises whether the agreement to pay so expressed was qualified by other provisions in the agreement. The language quoted is followed in the agreement by these words: "And if the said one thousand dollars is paid within twelve months from the date of this agreement the said royalties shall cease and forever determine, and the said parties of the first part shall credit the said party of the second part with the amount of royalties which the said party of the second part shall have paid to the parties of the first part within the said twelve months." It is clear that nothing can be found in this language which will detract from the preceding agreement by the defendant to pay. To make the intention of the parties by the last preceding words entirely clear the substance is restated in these words: "That is to say, that the said party of the second part shall pay to the parties of the first part the sum of one thousand dollars within twelve months, less the amount which the said party of the second part has paid to the parties of the first part in royalties during that period." This language also contains an express contract that the defendant shall pay the $1,000.

Nor is there anything in the concluding part of this agreement to qualify the defendant's promise to pay the $1,000. The language in that clause is this: "If, however, the party

of the second part fails to pay the difference between one thousand dollars and the royalties paid by him to the parties of the first part within the said twelve months, the royalties shall continue and the said party of the second part shall pay the parties of the first part the sum of one thousand dollars at such time as may be mutually agreed upon thereafter, the said party of the second part, however, not being under such circumstances entitled to any credit as against said one thousand dollars for royalties paid." The language in this section of the agreement, instead of qualifying the preceding contract to pay the $1,000, contains an express promise on the part of the defendant to pay that sum at a different time. It is quite possible, and even probable, that the contract will bear the construction that the payment of $1,000 at any time will release the defendant from the payment of royalties after the $1,000 is paid. That would seem to be the fair import of the entire agreement. But it is impossible, under any permissible rules of construction, to give to this agreement any other construction than that the contract of the defendant was a contract to pay $1,000.

The instruction to the jury by the trial court was that if, about the time of the expiration of the first year, the parties met and the plaintiffs agreed to allow another year to the defendant to pay the $1,000, and the defendant agreed to do it, having the privilege to pay it sooner if he saw fit, then the plaintiffs would be entitled to recover the $1,000; but if, on the other hand, the defendant did not make such an agreement, then the verdict should be for the defendant; and the question whether such an agreement was made was left to the jury. On this instruction the jury rendered a verdict in favor of the plaintiffs for $1,000. We think this instruction was more favorable to the defendant than the agreement warranted.

The testimony offered with respect to a proposition to settle for $500 was properly overruled. *Chambers* v. *Niagara Fire Insurance Co.,* 29 *Vroom* 216.

Finding no error on the record, the judgment should be affirmed.