JAMES ROBERTS v. ALBERT BANSE, SR.

Submitted December 8, 1908—Decided April 8, 1909.

While the general rule is that the payment of a less sum in satisfaction of a larger one is no satisfaction, still, where the debtor in addition to such payment does. at the request of his creditor, some substantial thing detrimental to his interests that he was not bound to do, upon the mutual understanding that it was an additional consideration for the creditor's promise to accept the less for the larger sum, legal effect may be given to such compact of the parties if the debtor has duly performed his part thereof to his detriment. The abandonment by the debtor at the request of the creditor of appellate proceedings to reverse the judgment that constituted the debt is such an additional consideration.

On rule to show cause.

Before Justices GARRISON, PARKER and VOORHEES.

For the rule, *George S. Silzer.*

*Contra, Charles T. Cowenhoven.*

The opinion of the court was delivered by

GARRISON, J. This is a rule to show cause why a judgment should not be canceled on the strength of the following receipt and the circumstances attending its execution:

"NEW BRUNSWICK, N. J., May 7/1904.
"Received of Albert Banse
"Twenty and no/100 ................. Dollars in full settlement of all claims and demands to the date hereof which I have or may have against said Albert Banse, and also in full release of the judgment which I recovered against said Albert Banse.
$20.00/100.

"Witness                                        his
"JOHN GRAY FR ZEUGERT          JAS. X ROBERTS."
                                                    mark

The circumstances attending the giving of this receipt were these: Roberts, who was an employe in the works of which Banse, Sr., was superintendent, had sued Banse for slander and recovered a judgment for $75. A day or so after and before Banse had actually taken the "appeal he was then talking of taking" Roberts came to Banse's office and stated to Banse, Jr., whom he found there, that he wanted to settle the case out of court so that it would not be taken any further. Twenty dollars was agreed upon as the sum for which Roberts would settle the judgment, which was paid over to him in the presence of two fellow-workmen as witnesses called in for that purpose to whom Roberts expressed his satisfaction with the settlement of the suit he had thus made. Banse, Jr., notified his father's lawyer that the suit was settled, the appeal was dropped, and Banse, Jr., was reimbursed the $20 by Banse, Sr., and so the matter rested until the year 1908, when execution was issued upon the judgment. At this period Banse's right of review was gone by lapse of time. We find these facts from the testimony, and also that the abandonment of what the parties called "the appeal" was in effect at the request of Roberts and was understood by both parties to be part of their settlement. On these facts there would be no question as to the defendant's right to have this judgment canceled were it not for the legal rule illustrated in *Chambers* v. *Niagara Fire Insurance Co.,* 29 *Vroom* 216, viz., that the payment of a less sum in satisfaction of a larger one is no satisfaction. This rule, however, as was said by Mr. Justice Van Syckel in *Line* v. *Nelson,* 9 *Id.* 358, "has been constantly departed from upon slight distinctions" as is generally the case with a technical rule that is not, on the whole, conducive to sound morals.

To the many other grounds of departure that have been recognized there should be added: that if the debtor, in addition to the payment of a part of the debt as an agreed satisfaction of the whole, does at the request of his creditor some substantial thing of detriment to his interests that he was not bound to do, upon the mutual understanding that it was

an additional consideration for the creditor's promise to accept the less for the larger sum, legal effect may be given to such compact of the parties if the debtor has fully performed his part thereof to his detriment. Both on the ground of a new consideration and on that of estoppel an agreement thus made and performed should obtain legal recognition.

Illustrative cases of the rule in question and its exceptions will be found in 1 *Cyc.* 319 *et seq.*, and in 1 *Am. & Eng. Encycl. L.* 413.

In the present case the dropping of appellate proceedings was a moving cause, and the defendant in consequence of his full performance of an honest compact has deprived himself of his right of review. This, we think, justifies us in carrying out the compact of the parties by ordering that the judgment be canceled and the writ of execution quashed.

That will be the rule, with costs.